# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| VIRGINIA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 7:25-CV-01089-ACA |
| ) | |
| FITNESS VENTURES OF ) | |
| TUSCALOOSA D/B/A CRUNCH ) | |
| FITNESS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Fitness Ventures - Tuscaloosa, LLC d/b/a Crunch Fitness[1] (hereafter "Crunch Fitness" or "Defendant") answers Plaintiff's Complaint and states as follows:

## I.  INTRODUCTION

1. Defendant admits that it previously employed Plaintiff and that Plaintiff seeks to pursue the claims listed under the cited statutes. Defendant denies any violation of those statutes, denies it engaged in any of the unlawful practices alleged, and denies Plaintiff's entitlement to any damages.

---

[1] Plaintiff's Complaint incorrectly names Defendant as "Fitness Ventures of Tuscaloosa d/b/a Crunch Fitness." The correct name for this entity is Fitness Ventures - Tuscaloosa, LLC d/b/a Crunch Fitness.

## II. JURISDICTION

2. Defendant admits that this Court has jurisdiction over federal question claims and claims involving allegations of a civil rights violation. Defendant admits that Plaintiff seeks to pursue the claims listed under the cited statutes, but denies any violation of those statutes and denies it engaged in any of the unlawful practices alleged.

3. Defendant admits that Plaintiff seeks to pursue the claims listed under the cited statutes, but denies any violation of those statutes and denies it engaged in any of the unlawful practices alleged.

## III. EXAUSTION OF ADMINISTRATIVE REMEDIES

4. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about October 7, 2024 and that the Charge (Exhibit A) speaks for itself. Defendant otherwise denies the allegations of Paragraph 4 and denies it engaged in any of the unlawful practices alleged.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

## IV. PARTIES

6. Defendant does not contest that venue is proper. Defendant admits that it employed Plaintiff in Tuscaloosa County, Alabama. Upon information and

belief, Defendant admits that Plaintiff is a resident of Northport, Alabama. Defendant denies the remaining allegations of Paragraph 6.

7. Upon information and belief, Defendant admits the allegations of Paragraph 7.

8. Admitted.

9. Admitted.

## V.    FACTS

10. Defendant reasserts its responses to Paragraphs 1-10, above, as though fully stated herein.

11. Upon information and belief, Defendant admits the allegations of Paragraph 11.

12. Upon information and belief, Defendant admits the allegations of Paragraph 12.

13. Defendant admits that Plaintiff began working for Defendant on or about September 2018. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant admits that during Plaintiff's employment with Defendant, she was responsible for various job duties. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant admits that Defendant both accommodated and counseled Plaintiff regarding her attendance during her employment. Defendant denies the remaining allegations of Paragraph 15.

16. Admitted.

17. Denied.

18. Defendant admits that Fenney was involved in hiring new staff during his employment with Defendant. Defendant denies the remaining allegations of Paragraph 18.

19. Defendant admits that in April 2024, Jill Webber contacted White via phone to discuss the timely submission of work items. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them. Defendant denies it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. Denied.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. Admitted.

26. Denied.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. Denied.

29. Denied.

30. Denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Denied.

35. Admitted.

36. Defendant admits that Plaintiff sat next to Fenney during the Zoom meeting. Defendant denies the remaining allegations of Paragraph 36.

37. Defendant admits that the Zoom meeting involved discussions related to Fenney and Plaintiff's working relationship as well as issues in Defendant's Tuscaloosa location. Defendant denies the remaining allegations of Paragraph 37.

38. Denied.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies them.

40. Denied.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies them.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43. Admitted.

44. Defendant admits that Plaintiff met with Jill Webber on May 10, 2024. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies them.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendant admits that Plaintiff and Jill Webber communicated via phone on May 16, 2024. Defendant denies the remaining allegations of Paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies them.

56. Defendant admits that Plaintiff exhibited performance issues related to scheduling. Defendant denies the remaining allegations of Paragraph 56.

57. Defendant admits that Jill Webber attempted to help Plaintiff improve her work performance pertaining to scheduling. Defendant denies the remaining allegations of Paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and therefore denies them.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies them.

60. Denied.

61. Defendant admits that Plaintiff was issued a Written Corrective action in June 2024. Defendant denies the remaining allegations of Paragraph 61.

62. Admitted.

63. Denied.

## VI. CLAIMS

### COUNT I – ADEA - TERMINATION

64. Upon information and belief, Defendant admits the allegations of Paragraph 64.

65. Defendant admits that Plaintiff worked for Defendant from September 2018 until June 10, 2025. Defendant further admits that Tanner Fenney became a General Manager for Defendant in April 2024. Defendant denies the remaining allegations of Paragraph 66.

66. Denied.

67. Denied.

68. Denied.

69. Admitted.

70. Defendant admits that at the time of Plaintiff's termination, she was over forty (40) years of age and was older than Fenney. Defendant denies the remaining allegations of Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## COUNT II – TITLE VII RETALIATION

75. Defendant reasserts its responses to Paragraphs 1-74, above, as though fully stated herein.

76. Denied.

77. Denied.

78. Denied.

79. Defendant admits that Plaintiff was terminated on or about June 10, 2024. Defendant denies the remaining allegations of Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

## COUNT III – 42 U.S.C. § 1981 RETALIATION

83. Defendant reasserts its responses to Paragraphs 1-82, above, as though fully stated herein.

84. Denied.

85. Denied.

86. Denied.

87. Defendant admits that Plaintiff was terminated on or about June 10, 2024. Defendant denies the remaining allegations of Paragraph 87.

88. Denied.

89. Denied.

90. Denied.

## VII. **PRAYER FOR REFLIEF**

The prayer for relief section of Plaintiff's Complaint requires neither admission nor denial. To the extent the prayer for relief is construed to allege any wrongdoing or liability on the part of the Defendant, such allegation is denied. Defendant further denies the Plaintiff is entitled to the relief sought in Plaintiff's prayer for relief Paragraphs A. through F. Any allegation not specifically admitted is hereby denied.

## **ADDITIONAL DEFENSES**

Defendant states the following additional defenses. By listing the defenses below, Defendant does not assume any burden of proof that would otherwise be imposed upon Plaintiff.

## **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

## **SECOND DEFENSE**

Except as expressly admitted above, Defendant denies the allegations stated by Plaintiff and demands strict proof thereof.

## **THIRD DEFENSE**

Defendant did not discriminate or retaliate against Plaintiff.

## FOURTH DEFENSE

Defendant engaged in no willful misconduct.

## FIFTH DEFENSE

Plaintiff's age and/or race was not a factor, determinative or otherwise, in any decision regarding her. Notwithstanding Defendant's general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant would have taken the same action in the absence of such an impermissible motivating factor.

## SIXTH DEFENSE

All actions taken by Defendant were based on legitimate non-discriminatory, non-retaliatory reasons, taken in good faith and which were not pretextual.

## SEVENTH DEFENSE

Plaintiff's age and any protected activity were not factors, determinative or otherwise, in any decision regarding her employment.

## EIGHTH DEFENSE

Plaintiff cannot establish that similarly situated employees outside her alleged protected classes were treated more favorably.

**NINTH DEFENSE**

All actions taken by Defendant were for good cause and in good faith and were based on reasonable factors other than Plaintiff's age, complaints, and/or race.

**TENTH DEFENSE**

Plaintiff is not entitled to compensatory damages for alleged pain and suffering or punitive damages under the ADEA, and all damages sought are subject to the limits set by law.

**ELEVENTH DEFENSE**

The Complaint or portions thereof are barred in that Plaintiff has failed to meet the statutory and administrative prerequisites and/or conditions precedent to filing this action.

**TWELFTH DEFENSE**

The Complaint is barred, or whole or in part, because Plaintiff's claims are beyond the scope of her underlying Charges of Discrimination filed with the EEOC.

**THIRTEENTH DEFENSE**

Compensatory, liquidated, or punitive damages are not available for some, or all of the causes of action listed, and Defendant denies that it engaged in conduct sufficient to warrant such damages.

**FOURTEENTH DEFENSE**

Plaintiff's claims for damages are barred or reduced by Plaintiff's failure to mitigate any alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

**FIFTEENTH DEFENSE**

Defendant asserts that Plaintiff's alleged damages were caused by an intervening or superseding cause.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to punitive or liquidated damages and all damages sought are subject to the limits set by 42 U.S.C. § 1981a and other applicable law.

**SEVENTEENTH DEFENSE**

Plaintiff's age and/or race were not the "but for" reasons for Defendant's employment decisions.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to any award of punitive damages in that Defendant has implemented and maintained policies and practices designed and intended to prevent discrimination and retaliation.

**NINETEENTH DEFENSE**

Defendant did not authorize, participate in, or otherwise ratify or adopt any of the alleged conduct which Plaintiff alleges was an intentional violation of the

law.

## TWENTIETH DEFENSE

The Complaint or portions thereof are barred by the applicable statute of limitations.

## TWENTY-FIRST DEFENSE

Some or all of the claims alleged in the Complaint are barred in whole or in part by the doctrine of unclean hands, estoppel, waiver and/or laches.

## TWENTY-SECOND DEFENSE

The Complaint may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## TWENTY-THIRD DEFENSE

To the extent Plaintiff has successfully taken a position in another proceeding that is inconsistent with her claims for relief in this action, Plaintiff's claims in this action are barred by the doctrine of judicial estoppel.

## RESERVATION OF DEFENSES

Defendant hereby reserves the right to file such additional defenses as may become apparent during the course of discovery.

## PRAYER FOR RELIEF

Wherefore having fully answered the Complaint, Defendant requests that the Complaint be dismissed with prejudice; that judgment be entered for Defendant;

and that Defendant be awarded its attorneys' fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully submitted this 23rd day of October, 2025.

        */s/ Lynlee Wells Palmer*
        Lynlee Wells Palmer (ASB-4367-T82P)
        Lynlee.Palmer@jacksonlewis.com
        Samuel Ellis Black (ASB- 6400-B12A)
        Samuel.Black@jacksonlewis.com
        **JACKSON LEWIS P.C.**
        800 Shades Creek Parkway, Suite 870
        Birmingham, Alabama 35209
        Direct Dials:  205-332-3096/3104
        Facsimile:  205-332-3131

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I have served a true and correct copy of the foregoing upon plaintiff's counsel of record electronically by CM/ECF as follows:

        Patricia A. Gill, Esq.
        trish@theworkersfirm.com
        **THE WORKERS' FIRM**
        Two 20th Street North, Suite 900
        Birmingham, AL  35205

        */s/ Lynlee Wells Palmer*
        Counsel of Record

4937-2605-8583, v. 2